**Richard WOLF, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5882.**

Court of Appeals of Alaska.

July 2, 1982.

Rehearing Denied Sept. 17, 1982.

David Weed, Asst. Public Defender, Bethel, and Dana Fabe, Public Defender, Anchorage, for appellant.

Dwayne W. McConnell, Asst. Dist. Atty., Stephen Hutchings, Dist. Atty., Bethel, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

Richard Wolf was indicted, tried, and convicted of Assault in the Third Degree, AS 11.41.230(a), a class C felony. Having previously been convicted of felony assault, Wolf was sentenced as a second offender. The presumptive term for a class C felony for a second offender is two years. See AS 12.55.125(e)(1). Both parties gave notice pursuant to AS 12.55.155(f) that evi-

dence of aggravating and mitigating factors set out in AS 12.55.155(c) and (d) would be presented at the sentencing hearing.[1] After holding the hearing and considering evidence, the trial court rejected Wolf's mitigating factors and found two aggravating factors; first, that a prior offense considered for purposes of invoking the presumptive term was of a more serious class and second, that at the time of this offense, the defendant was on release for another misdemeanor charge that had assault as a necessary element. In light of the existence of aggravating factors, the court increased Wolf's presumptive sentence of two years to a term of three years. We have carefully considered the record and have concluded that the trial court was not clearly mistaken in rejecting the mitigating factors advanced by Wolf. Essentially the trial court accepted the victim's version of the offense rather than the defendant's. We therefore affirm.

 There is however one issue raised by the parties that requires comment. Wolf contends that the only evidence of aggravating or mitigating factors a judge may consider in determining the length of sentence is evidence presented at a Criminal Rule 32 hearing. Specifically, he contends that the trial court could not properly consider the testimony of witnesses, including that of the victim, which had been presented at his trial. We disagree and hold that a trial court, in conducting a hearing pursuant to Criminal Rule 32 to determine whether mitigating and aggravating factors have been established, may consider evidence previously introduced at the trial that resulted in the conviction for which sentencing is being imposed.

Alaska Statute 12.55.155(f) states in relevant part,

Factors in aggravation and factors in mitigation must be established by clear and convincing evidence before the court sitting without a jury. All findings must be set out with specificity.

Wolf argues that this language indicates a legislative intent to have sentencing judges resolve these issues solely on the basis of evidence produced at a sentencing hearing, without consideration of evidence presented at trial. Wolf provides no authority in support of this interpretation but claims:

If a defendant were forced to contemplate that a guilty verdict at trial would bring the presumptive sentencing scheme into play while concurrently establishing the factual basis for finding of factors in mitigation, he would be forced to bring meritless defenses, complicating the trial, confusing and perhaps alienating the jury, to assure that a basis would exist for certain mitigating factors if he were convicted. This would be an unconscionable burden upon a defendant and is clearly not intended by the statute.

Wolf misconceives the issue. Certainly the trial transcript is not intended to be the exclusive means of presenting evidence in aggravation and mitigation of the offense. Unquestionably, the defendant is entitled to present evidence in mitigation of the of-

1. Pursuant to AS 12.55.155(c), the state's notice of aggravating circumstances included:

(7) a prior felony conviction considered for the purpose of involving the presumptive terms of this chapter was of a more serious class of offense than the present offense;

(8) the defendant has a criminal history consisting of prior convictions for offenses, including misdemeanors, that involved aggravated or repeated instances of assaultive behavior; and

(12) the defendant was on release under AS 12.30.020 or 12.30.040 for another felony charge or conviction or for a misdemeanor charge or conviction having assault as a necessary element.

Pursuant to AS 12.55.155(d), Wolf's notice of mitigating circumstances included:

(3) the defendant committed the offense under some degree of duress, coercion, threat, or compulsion insufficient to constitute a complete defense, but which significantly affected his conduct;

(6) in a conviction for assault under AS 11.41.200–11.41.230, the defendant acted with serious provocation from the victim;

(7) except in the case of a crime defined by AS 11.41.410–11.41.470, the victim provoked the crime to a significant degree; and

(9) the conduct constituting the offense was among the least serious conduct included in the definition of the offense.

fense outside the presence of the jury and need not make this presentation prior to conviction. *See* Supreme Court Order No. 437.[2] By the same token, the defendant should have an opportunity to put on additional evidence bearing on aggravating factors raised by the state when such evidence was not presented by the defendant in support of mitigation of the offense. The necessity for an opportunity to present additional evidence does not, in our opinion, preclude the trial court from considering evidence offered under oath and subject to cross-examination at the prior trial in deciding whether, in light of the whole record, there is clear and convincing evidence supporting aggravating or mitigating factors. AS 12.55.155(f).[3]

The sentence of the superior court is AFFIRMED.

**2.** Supreme Court Order No. 437 reads as follows:

Authorizing Statewide Uniform Interim Procedures Relating to Presentence Reports and Sentencing Pending Decision on Proposed Amendments to Rule 32(c), Alaska Rules of Criminal Procedure.

IT IS ORDERED:

1. At the time guilt is established by verdict or plea, counsel shall inform the court and the defendant of any prior convictions which bring into effect the presumptive sentencing provisions of AS 12.55.125 and the court shall order a presentence investigation by the Division of Corrections; any dispute over the fact of prior convictions shall be set for hearing pursuant to paragraph 2(b).

2. At the time guilt is established, the court shall set:

 a. the time for the submission by counsel of affidavits setting forth aggravating and mitigating factors pursuant to AS 12.55.155, or extraordinary circumstances pursuant to AS 12.55.165, which time shall be not less than five working days after the finding of guilt;

 b. a hearing to resolve any dispute between the parties concerning the requirement of presumptive sentencing and the aggravating and mitigating factors or extraordinary circumstances which may exist, at a time convenient to the court and counsel, which time shall be not less than five working days from the time set for submission of the affidavits required by paragraph 2(a) above.

3. At the presentence hearing required by paragraph 2(b) the court shall enter an order establishing if presumptive sentencing applies, setting forth the aggravating and mitigating

factors and ordering a presentence report. A copy of this order shall be given to the Division of Corrections. If presumptive sentencing applies and there are no aggravating and mitigating factors, only a short form of the presentence report will be ordered.

4. At the presentence hearing the court shall establish the date for sentencing and provide that the presentence report be made available to the attorneys ten calendar days before sentencing in order that any factual errors in the report may be resolved among the attorneys and the Division of Corrections or at a hearing before the judge to whom the case is assigned for sentencing unless good cause is shown for the hearing to be before another judge.

DATED: October 21, 1980

EFFECTIVE DATE: October 21, 1980

**3.** On March 3, 1981, Wolf appealed his conviction and sentence. On August 14, 1981, he voluntarily dismissed his merit appeal but persisted in his sentence appeal. Briefing was completed on September 15, 1981, and the case was taken under advisement. A decision was reached, reduced to writing, and authorized for publication. Prior to actual publication, Wolf filed a Rule 35(a) motion to reduce his sentence which normally would automatically stay this appeal. Since the decision is ready for publication and no benefit would result from deferring publication, and since we believe the issues have impact beyond this case, we have decided, *sua sponte*, to exercise the authority granted us by Criminal Rule 53 and Appellate Rule 521 to relax Criminal Rule 35(a) by vacating the automatic stay and publishing this opinion.